**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LAURA THOMPSON, a single woman; JUSTINE COX, a single woman; VICKIE LUTZ and TODD LUTZ, wife and husband; LACEY CHAINHALT, a single woman; and NICOLE MORGESON, a single woman,<br><br>Plaintiffs,<br><br>vs.<br><br>STEVEN H. WIENER, M.D., and LAUREN WIENER, husband and wife; STEVEN H. WIENER, MD, P.C., an Arizona Professional Corporation; PAMELA S. HENDERSON, M.D, a single woman; PAMELA S. HENDERSON, MD, P.C., an Arizona Professional Corporation; NEW IMAGE PLASTIC SURGERY L.L.C., an Arizona limited liability company; DOES I-X; and CORPORATIONS A-Z.,<br><br>Defendants. | No. CV-08-00991-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Supplement the Summary Judgment Record–And–Motion For Expedited Consideration (Dkt.# 160). For the reasons stated below the motion is granted in part and denied in part.

Pursuant to the Scheduling Order governing this matter any party having a dispositive or partially-dispositive motion, was obliged to file the motion by August 5. Although the

1  Court had granted the parties previous extensions on their discovery deadlines to the effect
2  that discovery was extended through September 13, no party sought the extension of the
3  dispositive-motion deadline so that it followed the close of discovery.

4  In accordance with the Scheduling Order, Defendants filed their Motion for Partial
5  Summary Judgment on August 5. In that motion Defendants asserted that various claims
6  against them must be dismissed because their businesses were not of the size to meet the
7  various applicability thresholds set forth in Title VII. Defendants assert that in their
8  Response to the motion filed on September 8, Plaintiffs for the first time in this lawsuit raised
9  the argument that the employees of New Image Skin Spa, L.L.C., ("the Skin Spa") which has
10 already been dismissed as a Defendant in this action, should be included in calculating the
11 number of employees of Defendant New Image Plastic Surgery, LLC ("Plastic Surgery").
12 Plaintiffs further allege that if employees of the Skin Spa are counted as employees of
13 Defendant Plastic Surgery, then New Image Plastic Surgery is subject to Title VII.
14 Apparently, because discovery remained open until September 13, these particular
15 allegations were the subject of additional discovery after Defendants filed their Motion for
16 Partial Summary Judgment. Defendants wish to supplement their motion with discovery that
17 they have received subsequent to that filing.

18 In their Response to Defendant's Motion to Supplement, Plaintiffs do not dispute that
19 they raised for the first time in their Response the argument that the employees of the Skin
20 Spa should be counted as employees of Plastic Surgery for purposes of determining the
21 applicability of Title VII. They merely argue that Defendants should have foreseen that they
22 would do so, and that Defendants failed to notice discovery in a sufficiently timely manner.
23 The Court is not convinced that Defendants should have foreseen this argument pertaining
24 to a dismissed former Defendant sufficiently in advance so as to conduct discovery thereon
25 in advance of filing their motion. Further, because any prejudice to Plaintiffs can be
26 substantially cured by permitting Plaintiffs to file a Sur-Reply,

**IT IS HEREBY ORDERED** granting Defendants' Motion to Supplement (Dkt. # 160) and ordering that Defendants file any supplement to its motion by **October 23, 2009**, and that Plaintiffs file any desired Sur-Reply by **October 30, 2009**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Expedite (Dkt. # 160) is denied.

DATED this 14th day of October, 2009.

_____
G. Murray Snow
United States District Judge